Receipt number AUSFCC-11241869

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **SPARROW ELECTRIC LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 26-664 T |
| **v.** | ) | **CASE NO:** ________ |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | **FILED ELECTRONICALLY** |

---

**COMPLAINT**

---

Sparrow Electric LLC ("Plaintiff"), by and through counsel, files this Complaint seeking a refund of federal employment taxes for the quarter ending June 30, 2021, paid to the United States of America ("Defendant"), plus interest thereon, pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1491. In support thereof, Plaintiff states as follows:

**PARTIES**

1. Plaintiff is a limited liability company organized under the laws of the state of Utah, with its principal place of business in Utah.

2. Defendant is the United States of America.

**JURISDICTION**

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1346(a), 1491(a).

4. This civil action arises under the Internal Revenue Code of the United States for the refund of overpaid employment taxes and interest.

5. Plaintiff complied with 26 U.S.C. § 7422(a) by filing a claim for refund with the Internal Revenue Service ("IRS") via Form 941 (Employer's Quarterly Federal Tax Return) for the employment tax quarter ended June 30, 2021 ("Second Quarter 2021").

6. Before July 31, 2021, Plaintiff timely paid and reported all employment tax amounts due for the Second Quarter 2021.

7. On August 9, 2021, YourPeople, Inc. ("Zenefits"), a payroll and tax solutions company, filed Form 941 on behalf of Plaintiff for Second Quarter 2021, requesting a refund of $315,114.44 of overpaid employment taxes (the "Claim"). *See* Exhibit A.

8. On September 21, 2021, Plaintiff learned that there was a processing issue with the Form 941 filed by Zenefits, and an employee of the IRS instructed Nathan Higgs, as managing member of Plaintiff, to mail a copy of the original Form 941 to the IRS. Mr. Higgs mailed such copy on September 21, 2021. *See* Exhibit B. By July 2023, after several additional communications between Plaintiff and the IRS, Plaintiff learned the IRS had continued to have issues processing Plaintiff's Form 941 for Second Quarter 2021. On July 18, 2023, Brandon Ball, as manager of Plaintiff, met in person with IRS employee Velma Abbott in Ogden, Utah.

Mr. Ball provided Ms. Abbott a physical copy of the original Form 941 for Second Quarter 2021.

9. A copy of the Rule 9(m) statement is attached as Exhibit C.

10. The Claim was filed within the time specified in 26 U.S.C. §§ 6511 and 6513(c).

11. More than six months have passed since the Claim was timely filed.

12. The IRS has not notified Plaintiff that it has allowed or denied the Claim.

13. Therefore, Plaintiff has satisfied the requirements of 26 U.S.C. § 6532.

## NATURE OF ACTION

14. Pursuant to the Internal Revenue Code, employers are required to withhold certain federal income and employment taxes from their employees' wages and other compensation. In addition, the Internal Revenue Code requires employers to pay their own portion of certain employment taxes on behalf of their employees.

15. 26 U.S.C. §§ 6011, 6157 and 6302 require employers to report and pay the employment taxes to the IRS.

16. On March 25, 2020, Congress passed the Coronavirus Aid Relief and Economic Security Act, Pub. L. No. 116-136 ("the CARES Act"), in response to the COVID-19 pandemic, and, on March 27, 2020, the CARES Act was signed into law.

17. The CARES Act created a refundable tax credit named the Employee Retention Credit ("ERC") for eligible wages paid between March 12, 2020 and December 31, 2020 as a way to provide emergency relief to small business taxpayers and keep workers employed.

18. Congress amended and expanded the ERC on several occasions, including expanding eligibility into 2021 through the American Rescue Plan Act of 2021, Pub. L. No. 117-2, and the Infrastructure Investments and Jobs Act, Pub. L. No. 117-58.

19. There are several ways to qualify for the ERC. Specifically, businesses that demonstrated certain statutorily defined reductions in gross receipts, as compared to pre-pandemic periods, were eligible for the ERC. Furthermore, businesses meeting certain defined business disruption criteria by quarter were also eligible for the ERC.

20. For January 1, 2021, through September 30, 2021, the CARES Act and related amendments and enactments provided qualifying employers with an ERC against employment taxes of up to 70 percent of qualified wages, limited to $10,000 per employee per quarter, including certain health care expenses. Thus, the credit was limited to $7,000 per employee per quarter for each eligible quarter of 2021.

21. Qualified wages do not include wages that an employer reported as payroll costs when applying for loan forgiveness under the Paycheck Protection Program ("PPP"), also implemented by the CARES Act.

22. The IRS directed employers to claim the ERC on IRS Forms 941 or 941-X, with the ERC to be distributed in the form of a refund of employment taxes.

23. Plaintiff qualified for the ERC in the amount stated in the Claim.

24. As of the date of the filing of this Complaint, upon information and belief, neither the Secretary of the Treasury nor his delegate, the Internal Revenue Service, has rendered a decision on the Claim.

25. Plaintiff brings this civil action to request that the Court order the IRS to pay the refund stated in the Claim.

## PLAINTIFF BACKGROUND AND FACTUAL ASSERTIONS

26. Plaintiff incorporates all previously stated paragraphs as if fully set forth herein.

27. Plaintiff is a Utah-based company that formerly provided solar installation and other electrical services. Plaintiff ceased business operations in 2022 but remains organized and in good standing.

28. Plaintiff employed fewer than 500 full-time employees within the meaning of 26 U.S.C. § 4980H during 2019 and 2021.

29. The gross receipts (within the meaning of Section 448(c)) of Plaintiff for Second Quarter 2021 were less than 80 percent of the gross receipts of Plaintiff for the same calendar quarter in calendar year 2019.

30. Plaintiff did not claim the ERC for Second Quarter 2021 based on wages relied on to obtain forgiveness of any PPP loan.

31. Plaintiff maintains documentation to support the refund sought by the Claim, including the determination of the Plaintiff's gross receipts for Second Quarter 2021 and the second quarter of calendar year 2019.

**CLAIM FOR REFUND**

32. Plaintiff incorporates the previously stated paragraphs as if fully set forth herein.

33. 26 U.S.C. §§ 7422 and 6532 permit a taxpayer to file a refund suit against the United States when (a) a claim for refund has been filed with the IRS, (b) it has been at least six months from the filing date of the claim for refund, and (c) it has not been two years from the date of a notice disallowing the claim for refund.

34. Plaintiff complied with all requirements of the CARES Act (as amended) and the Internal Revenue Code with respect to the amounts stated in the Claim.

35. Plaintiff is entitled to a refund of $315,144.44 with respect to the employment tax period ended June 30, 2021.

36. Plaintiff is entitled to interest on the amount stated in the Claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That the Court order Defendant to issue a refund in the amount of $315,144.44 for the quarter ending June 30, 2021;

b. That the Court award Plaintiff prejudgment and post-judgment interest to the greatest extent allowed by law;

c. That the Court award Plaintiff reasonable attorney's fees and other legal costs to the extent permissible under 26 U.S.C. § 7430; and

d. That the Court award Plaintiff such other, further, and general relief as may be just and proper under the circumstances.

Respectfully submitted this 6th day of May, 2026.

*<u>/s/ John W. Hackney</u>*
JOHN W. HACKNEY
CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY
191 Peachtree Street N.E.,
Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
E-mail:
john.hackney@chamberlainlaw.com

*/s/ Thomas A. Cullinan*
THOMAS A. CULLINAN
CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY
191 Peachtree Street N.E.,
Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
E-mail:
tom.cullinan@chamberlainlaw.com

*/s/ Samuel T. Kuzniewski*
SAMUEL T. KUZNIEWSKI
CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY
191 Peachtree Street N.E.,
Forty-Sixth Floor
Atlanta, GA 30303
Telephone: (404) 659-1410
Facsimile: (404) 659-1852
E-mail:
sam.kuzniewski@chamberlainlaw.com

*Counsel for Plaintiff*